56 F.3d 65
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Louie Cecil CORDELL, Defendant-Appellant.
 No. 94-5853.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1995.
 
 Before: JONES and SILER, Circuit Judges; WISEMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Louie Cecil Cordell, entered a conditional plea of guilty for the cultivation of marijuana and appeals the district court's denial of his motion to suppress evidence seized in a search of his property and his motion to dismiss the indictment for destruction of evidence. We affirm.
 
 I.
 
 2
 On March 29, 1993, the Kentucky State Police executed a state search warrant for the property of Cordell and his wife. The principal officers conducting the search were David Campbell and William Riley. They found marijuana plants and hydroponic cultivation equipment in three buildings, each owned or controlled by the defendant. Cordell was indicted on charges that he knowingly and intentionally manufactured (cultivated) more than 100 marijuana plants.
 
 
 3
 The warrant authorizing the search was issued on March 29, 1993, by McCreary County Trial Commissioner Vicki King, and was supported by Campbell's affidavit. It gave detailed directions to property, stated the particular location on the property of a two-story building (building #2), and indicated that other buildings were on the property. The warrant directed that all buildings on the property were to be searched. The officers found marijuana in building #2, as well as in two other buildings, one (building #1) owned by Cordell, and one (building #3) controlled by him. At the outset of the search, Cordell pointed out the buildings he owned or controlled; the officers searched only those buildings.
 
 
 4
 The affidavit supporting the search stated that on March 26, 1993, the affiant, Campbell, received information "from a state police informant known to the affiant and known to provide reliable and accurate information in the past that has led to successful investigations, that an inside marijuana growing facility was located on the premises and that marijuana was being processed and sold there." The affidavit further stated that the affiant had "checked and found orders for hydrophonic [sic] equipment ordered from and sent to the residence" of Cordell. This information came from the Drug Enforcement Agency list of such deliveries. The affidavit also stated that the affiant had received reliable and accurate information from another informant who had made purchases of marijuana from the defendant within the last 72 hours.
 
 
 5
 Cordell filed a motion to suppress the evidence found in the search on the grounds that the affidavit contained false statements made knowingly or with reckless disregard for the truth. He also contended that the search warrant failed to describe with particularity the area to be searched, and that the search exceeded the scope of the warrant.
 
 
 6
 At the evidentiary hearing before Magistrate Judge James F. Cook, it was established that Campbell met with the first confidential informant on March 29, rather than March 26, as stated in the affidavit. Officer Riley actually met with the informant on March 26, and informed Campbell of that meeting. It was Riley who told Campbell that the informant had provided reliable information in the past. Also, at the hearing, the additional informant, David Hicks, referred to in the affidavit, denied giving the police any information concerning Cordell or marijuana. Hicks testified that Campbell and Riley came to his home with several other officers on March 29. He claimed that the officers searched his home, intimidated him and his family with profanity and threats, and took approximately $1,000 in cash. He denied any knowledge of Cordell's marijuana operations. Campbell, however, testified that Hicks and his wife admitted buying marijuana from Cordell and, when driven by Cordell's property, identified specific buildings as containing marijuana plants. The government also produced a tape recording of a woman identified as "Tina" (presumably Tina Hicks, David's wife) selling marijuana to the first informant mentioned in the warrant.
 
 
 7
 The district court denied the motion to suppress. The defendant then moved to dismiss the indictment or to exclude evidence because the destruction of the marijuana plants by the police denied him access to that evidence. That motion, too, was denied.
 
 II.
 
 8
 We afford great deference to the magistrate's determination that the affidavit in question established probable cause for the search warrant to issue. United States v. Leon, 468 U.S. 897, 914 (1984). Despite the deference due the magistrate's determination, however, a warrant may be invalid if the supporting affidavit contains knowing or reckless falsity. Id. In order to invalidate a warrant, the defendant must show by a preponderance of the evidence that the supporting affidavit contains false statements by the affiant, made knowingly or recklessly, and that such false statements are material to the finding of adequate probable cause. Franks v. Delaware, 438 U.S. 154, 155 (1978).
 
 
 9
 The district court correctly found that Cordell had failed to show that the error in the warrant resulted from deliberate or reckless falsity, rather than innocent or negligent mistake. Additionally, the court properly concluded that, even without the false statement regarding the date on which Campbell spoke with the informant, and without the disputed information attributed to David and Tina Hicks, there still was adequate probable cause to support the warrant. Without the false or disputed information, the affidavit stated that a reliable informant, who had previously provided reliable information to authorities, had reported that an indoor marijuana growing operation was located on Cordell's property. The affidavit further stated that Campbell verified the delivery of hydroponic equipment to the premises. This information meets the Fourth Amendment requirement of providing a substantial basis for concluding that a search would uncover evidence of wrongdoing. Jones v. United States, 362 U.S. 257, 271 (1960).
 
 
 10
 The warrant also met the Fourth Amendment requirement that the warrant "particularly describ[e] the place to be searched, and the ... things to be seized." U.S. CONST. amend. IV. The description must be sufficient to avoid mistaken instrusions on the property of third parties. United States v. Gahagan, 865 F.2d 1490, 1496-97 (6th Cir.), cert. denied 492 U.S. 918 (1989). Although the warrant authorized the search of seven buildings, three of which were owned by parties other than Cordell, information given the executing officers by Cordell was relied on to limit the search to Cordell's property, thereby validating the search of those buildings. See id. at 1498 (relevant information known by the executing officers may be relied on to validate a warrant). We agree with the district court's conclusion that any failure to realize that the warrant was overbroad was understandable and reasonable, and that the police took prompt action to limit the search to property owned or controlled only by Cordell. See Maryland v. Garrison, 480 U.S. 79, 88 (1987).
 
 
 11
 Finally, we address whether the destruction of the marijuana plants seized violated Cordell's due process rights. The court denied Cordell's motion to dismiss because there was no proof that the destroyed marijuana was exculpatory, and the destruction of the marijuana was relevant to the issue of punishment, rather than guilt. We find the district court's reasoning problematic because the destroyed evidence could be exculpatory, if there were fewer than 100 plants. Also, the due process right of access to evidence encompasses evidence relevant to the punishment to be received, not just evidence relevant to guilt. California v. Trombetta, 467 U.S. 479, 485 (1984).
 
 
 12
 No due process violation occurred, however, because Cordell failed to show that the officers were not "acting in 'good faith and in accord with their normal practice,"' and, because the plants were counted, videotaped, and photographed, the "chances that preserved samples would have exculpated the defendants were slim." Arizona v. Youngblood, 488 U.S. 51, 56 (1988) (citations omitted). See also United States v. Allen, 954 F.2d 1160, 1168 (6th Cir. 1992) (no due process violation where destroyed plants had been counted and there was no evidence that they were destroyed in bad faith). That evidence was provided through the videotape and photographs of the plants clearly serves to defeat Cordell's claim of a due process violation. See Trombetta, 467 U.S. at 489 (defendant must establish not only that the evidence had apparent exculpatory value before destroyed, but also that the defendant was unable to reasonably obtain comparable evidence).[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 We note that the district court failed to make a specific finding of fact as to the exact number of plants seized. We decline to remand for recalculation, however, as the defendant has waived this issue on appeal